UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| SHERRYL MEDINA, DANNY ALLEN, JOHN CARTER WILLIAMS, on behalf of themselves, and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC dba ERC, a Delaware limited liability company,<br><br>　　　　Defendant. | Case No.: 2:15-cv-14342-JEM |

## JOINT SCHEDULING REPORT

Plaintiffs Sherryl Medina, Danny Allen and John Carter Williams ("Plaintiffs") and Defendant Enhanced Recovery Company ("Defendant" or "ERC"), by and through their undersigned counsel, pursuant to the Order of the Court [D.E. 43] and in compliance with Local Rule 16.1B(2), respectfully submit the following Joint Scheduling Report. The parties recommend that this class action be assigned to the "Complex Track".

**1.　　Likelihood of settlement:**

The parties have not yet engaged in any settlement negotiations and believe that it is unlikely that any resolution can be reached at this early stage of the litigation.

**2.　　Likelihood of appearance in the action of additional parties:**

It does not appear at this time, prior to discovery, that additional parties will be added to this proceeding, although the parties reserve their right to do so as provided by the Federal Rules of Civil Procedure.

3.  **Proposed limits on time:**

    a.  **to join other parties and amend pleadings:**

See attached proposed pre-trial deadlines.

    b.  **to file and hear motions:**

See attached proposed pre-trial deadlines.

    c.  **to complete discovery:**

See attached proposed pre-trial deadlines.

4.  **Proposals for simplification of issues, including elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment:**

The parties will meet to agree on all facts and issues that will simplify matters to be considered by the Court. See attached proposed pre-trial deadlines.

Regarding bifurcation of discovery, in the parties' November 16, 2016 Scheduling Report, Defendant did not request that the Court bifurcate discovery. However, on January 19, 2016, Defendant filed a motion to bifurcate discovery (D.E. 25). Defendant maintains that bifurcation of discovery to initially limit the scope of discovery to matters concerning class certification and the merits of the Plaintiffs' individual claims is appropriate and the most efficient way to proceed on this case. Plaintiff disagrees with Defendant's position because in TCPA class actions class and merits discovery necessarily overlaps, and conducting class and merits discovery concurrently is the most efficient, least costly and best way to proceed. Defendant requests an opportunity to brief a motion to bifurcate discovery to address the impact of the U.S. Supreme Court's recent ruling in *Spokeo, Inc. vs. Robins*, 136 S. Ct. 1540 (2016) . Plaintiff disagrees with the applicability of *Spokeo*, but to the extent the Court allows briefing on the issue by Defendant, Plaintiffs request an opportunity to respond.

5. **The necessity or desirability of amendments to the pleadings:**

The parties do not know at this stage in the litigation whether any amendments to the pleadings are necessary or desirable. The parties reserve the right to amend their pleadings consistent with the Federal Rules of Civil Procedure, and after they have had an opportunity to engage in discovery.

6. **Possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence:**

Plaintiff Medina and Defendant ERC have only exchanged very limited discovery related to the claims of Ms. Medina only. As to Plaintiffs Allen and Williams, the parties have not yet begun discovery, so at this time it is difficult to precisely indentify possible admissions or stipulations. The parties anticipate that they will be able to stipulate to some facts. The parties also anticipate that they may be able to stipulate to the authenticity of all documents (including electronic documents) after the close of discovery and thereby avoid unnecessary proof at trial. The parties will work to pre-admit evidence in a uniform manner.

7. **Suggestions for the avoidance of unnecessary proof and of cumulative evidence:**

The parties do not have any suggestions for the avoidance of unnecessary proof and of cumulative evidence, other than narrowing the facts and issues for the Court's consideration, which the parties will endeavor to do.

8. **Suggestions on the advisability of referring matters to a Magistrate Judge or master:**

The parties do not consent to the referral of matters to the Magistrate Judge or master.

9. **Preliminary estimate of time required for trial:**

The parties anticipate that ten (10) to fifteen (15) days will be required for trial.

**10.     Requested date or dates for conferences before trial, a final pretrial conference, and trial:**

The parties propose that trial commence on or after April 16, 2018, and request that a final pretrial conference be held following any decision on the anticipated motions for summary judgment.

**11.     Other information which may be helpful to the Court in setting the case for status or pretrial conference:**

On March 9, 2016, this Court denied without prejudice Plaintiff Medina's Motion to Compel [D.E. 30] ordering "that the Plaintiff shall have the right to re-file the motion regarding any remaining pending discovery issues presently contained within that Motion to Compel once the District Court has resolved the pending Motion to Stay." [D.E. 35]. Following resolution of the Motion to Stay, Plaintiffs filed a First Amended Complaint [D.E. 44] and Defendant filed a Motion to Dismiss [D.E. 46]. The parties agree to meet and confer following resolution of Defendant's Motion to Dismiss to narrow the issues in Plaintiff's initial Motion to Compel and to present any outstanding issues to the Court, if any, within 30 days on a ruling on Defendant's Motion to Dismiss.

The parties do not have any other information which they believe could assist the Court in setting the case for status or pretrial conference.

**12.     Whether the trial will be jury or non-jury:**

Plaintiff has requested a jury trial.

**13.     Outline of the legal elements of each claim and defense raised by the pleadings:**

    a.  Plaintiffs' claims:

Plaintiffs represent, and are members of the Class, consisting of "All persons in the United States who: (1) received a phone call placed by Defendant or its agents; (2) on his or her cellular telephone number; (3) through the use of any automatic telephone dialing system or artificial or pre-recorded voice system as set forth in 47 U.S.C. § 227(b)(1)(A)(3); (4) without consent; (5) from August 7, 2014 through the present. Plaintiffs seek injunctive, equitable and monetary recovery from Defendant for its negligent and/or willful violation of the Telephone Consumer Protection Act ("TCPA").  It is Plaintiffs' position that all they must do to prevail on their TCPA claims is to establish that Defendant used automatic telephone dialing equipment prohibited by the TCPA to make calls to cellphones or, alternatively, show prerecorded/artificial voice messages were used in calling cellphones.

      b.   Defenses Raised by Enhanced Recovery Company, LLC

In response to the First Amended Complaint, Defendant filed a Motion to Dismiss. As a result, it has not pleaded its defenses.  However, in its Motion to Dismiss, Defendant asserts that this Court lacks subject matter jurisdiction over the Plaintiffs' claims.

**14.**    **Estimate of the specific dollar valuation of actual damages and other relief at issue:**

The current estimated damages on a class wide basis is presently unknown to Plaintiffs and Defendant.

**15.**    **Need for variance from the discovery limitations imposed by Local Rule and/or the Federal Rules of Civil Procedure, including the grounds supporting the requested variance:**

The parties see no specific need for a variance at this time.  However, pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), the parties consent to service by electronic means with respect to discovery.  A copy of a proposed Order is attached hereto.

Dated:  September 29, 2016

**KOMLOSSY LAW P.A.**

/s/ Emily C. Komlossy
Emily C. Komlossy (FBN 7714)
eck@komlossylaw.com
Ross A. Appel (FBN 90865)
raa@komlossylaw.com
4700 Sheridan Street, Suite J
Hollywood, FL  33021
Telephone:  954-842-2021
Fax: 954-416-6223

**LAW OFFICES OF RONALD A. MARRON**
Ronald A. Marron
ron@consumersadvocates.com
Alexis Wood
alexis@consumersadvocates.com
Kas Gallucci
kas@consumersadvocates.com
651 Arroyo Drive
San Diego, CA  92103
Tel: (619) 696-9006
Fax: (619) 564-6665

*Attorneys for Plaintiff Medina*


**SMITH, GAMBRELL AND RUSSELL**

/s/ Scott S. Gallagher
Richard Dean Rivera
rrivera@sgrlaw.com
Scott Stephen Gallagher
ssgallagher@sgrlaw.com
50 N. Laura St., Ste. 2600
Jacksonville, FL 32202
Tel: (904)  598-6100
Fax: (904) 598-6300

*Attorneys for Defendant*